James F. Kahn - 003063
Krystal M. Ahart - 029358
**KAHN & AHART, PLLC**
**BANKRUPTCY LEGAL CENTER™**
301 E. Bethany Home Rd., Suite C-195
Phoenix, AZ 85012-1266
Phone: 602-266-1717
Fax: 602-266-2484
Email: James.Kahn@azbk.biz
Email: Krystal.Ahart@azbk.biz
Attorneys for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>DUSTIN J. HAMBY,<br><br>            Debtor.<br>_____<br>COURTNEY HAMBY,<br><br>            Plaintiff,<br>v.<br><br>DUSTIN J. HAMBY,<br><br>            Debtor/Defendant.<br>_____ | In Proceedings Under Chapter 13<br><br>Case No.: 2:18-bk-03941-PS<br><br><br><br>Adv. Case No.: 2:18-ap-_____-PS<br><br><br>**COMPLAINT OBJECTING TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §523** |

For her Complaint against Dustin J. Hamby ("Debtor"), Courtney Hamby ("Plaintiff") states as follows:

### PARTIES AND JURISDICTION

1. On April 13, 2018 (the "Petition Date"), Dustin J Hamby ("Debtor") filed a Voluntary Petition under Chapter 13 of Title 11 of the United States Code.

2. Edward J. Maney was appointed the Chapter 13 Trustee on the Petition Date.

3. This adversary proceeding arises out of and relates to the Chapter 7 Case No. 2:18-bk-03941-PS (the "Case"), which is pending on the docket of this Court.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§ 1334(a).

5. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

6. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

7. Plaintiff consents to this Court's entry of a final judgment.

## **GENERAL ALLEGATIONS**

8. Debtor and Plaintiff were married on February 14, 2005; their marriage was terminated by a Decree of Dissolution of Non-Covenant Marriage with Minor Children ("Decree"), which was entered in the Maricopa County Superior Court Case No. FC2015-071603, on November 6, 2017.

9. The Decree incorporated a Divorce-Asset & Liability Agreement ("Agreement") executed by Debtor and Plaintiff on April 26, 2017, which provided for the division of the community property and obligations between Debtor and Plaintiff.

10. At the time of the negotiations and execution of the Agreement, the primary community property was 100,000 shares of stock in Elite Sales & Marketing Group, Inc., an Arizona corporation ("Elite Sales"), which was formed on April 26, 2011.

11. Elite Sales was engaged in the business of marketing automobile parts and supplies with its business office located at 26824 North 71st Place, Scottsdale, Arizona.

12. During all relevant times, Debtor was an officer of Elite Sales, and the possession of the company's financial books and records were in Debtor's control.

13. In connection with the negotiations and execution of the Agreement, Debtor represented and warranted to Plaintiff that the value of Elite Sales was $74,000.00.

14. With respect to Elite Sales, the Agreement provides:

> 12. Other Orders
> \* \* \*
> "Elite Sales and Marketing group awarded to husband."
> (Decree Page 8)
>
> 23. Current Asset Detail
>
> | Description | Value |
> |---|---|
> | Elite Sales & Marketing Group, INC. 100,000 Shares | $74,000.00 |
>
> \* \* \*
>
> 28. Dustin Joel Hamby is awarded Elite Sales & Marketing Group, Inc. as sole and separate property including all assets and liabilities associated therewith.
> (Divorce Asset & Liability Agreement)

15. With respect to Debtor's representations and warranties to Plaintiff in connection with the negotiation and execution of the Agreement, the Agreement provides:

> k. This agreement **creates a fiduciary relationship between the Parties** in which each Party agrees to act with the utmost of good faith and fair dealing toward the other in all aspects of this Agreement.
> (emphasis added.)

16. In connection with the negotiation and execution of the Agreement, Debtor concealed the accurate financial circumstances and value of Elite Sales from Plaintiff and concealed from Plaintiff that, prior to the termination of the marriage, Debtor had negotiated a sale of the stock in Elite Sales for $653,165.53, plus interest at 4% per annum, payable $12,000.00 a month commencing January 1, 2018.

17. The sale of Elite Sales was completed in December, 2017.

18. Plaintiff has been required to hire attorneys to collect and enforce the obligations under the Note, and to commence and pursue this proceeding.

19. Plaintiff has incurred attorneys' fees, costs, and expenses in an attempt to rectify Debtor's wrongful misrepresentations, including the fees and expenses incurred in this proceeding.

20. Pursuant to Arizona Revised Statutes § 25-324, Plaintiff is entitled to judgment against Debtor for her attorneys' fees and costs.

## **CLAIM FOR RELIEF**
## **[11 U.S.C. §523(a)(2)]**

21. Plaintiff repeats and re-alleges paragraphs 1-20 above, as though fully set forth herein.

22. Debtor intentionally concealed the accurate financial circumstances and value of Elite Sales from Plaintiff.

23. Debtor falsely and fraudulently represented that the value of Elite Sales was $74,000, just 11.33% of the actual sale price (excluding interest) of Elite Sales.

24. The representations, acts, and omissions of material fact made by Debtor to Plaintiff that are set forth above were wrongful.

25. The representations, acts, and omissions of material fact made by Debtor to Plaintiff that are set forth above were intentional.

26. The representations, acts, and omissions of material fact made by Debtor to Plaintiff that are set forth above necessarily caused injury to Plaintiff.

27. The representations, acts, and omissions of material fact made by Debtor to Plaintiff were done without just cause or excuse.

28. Debtor's false representations to Plaintiff constitute actual fraud.

29. The debt, including attorneys' fees, costs, and expenses, arising from the money and/or property Debtor obtained from Plaintiff by false pretenses, false representations, and/or actual fraud is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2).

## CLAIM FOR RELIEF
### [11 U.S.C. §523(a)(4)]

30. Plaintiff repeats and re-alleges paragraphs 1-29 above, as though fully set forth herein.

31. Pursuant to the Decree, a fiduciary relationship existed between Debtor and Plaintiff.

32. Through the above-described conduct, Debtor breached both his fiduciary duty to Plaintiff and his obligation of good faith and fair dealing with Plaintiff, as required by the Agreement.

33. As a result of Debtor's breaches of his fiduciary duties and obligations to Plaintiff, Plaintiff requests that the Court deny a discharge of Debtor's liability to Plaintiff.

34. The debt, including attorneys' fees, costs, and expenses, is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) because Debtor committed fraud or defalcation while acting in a fiduciary capacity by intentionally making false representations about the value of Elite Sales.

## CLAIM FOR RELIEF
### [11 U.S.C. §523(a)(6)]

35. Plaintiff repeats and re-alleges paragraphs 1-34 above, as though fully set forth herein.

36. Debtor willfully chose to misrepresent to Plaintiff that the value of Elite Sales was $74,000 when he knew the value was nearly ten times greater than that.

37. Debtor wished to inflict injury on Plaintiff by his misrepresentations, and/or knew/believed that injury was substantially certain to result from his conduct.

38. The debt, including attorneys' fees, costs, and expenses, arising from the willful and malicious injury Debtor caused to Plaintiff is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

## **PRAYER**

WHEREFORE, Plaintiff prays for:

(a) A determination that the debt, including attorneys' fees, costs, and expenses, arising from the money and/or property Debtor obtained from Plaintiff is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2);

(b) A determination that the debt, including attorneys' fees, costs, and expenses, arising from the Debtor's fraud or defalcation while acting in a fiduciary capacity is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(4);

(c) A determination that the debt, including attorneys' fees, costs, and expenses, arising from the Debtor's willful and malicious conduct is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6);

(d) An award of reasonable attorneys' fees;

(e) Costs and expenses of suit incurred herein; and

(f) Such other and further relief as this Court deems just and proper.

DATED this 23rd day of July, 2018.

    KAHN & AHART, PLLC
      BANKRUPTCY LEGAL CENTER™

    /s/ James F. Kahn, SBN003063
    James F. Kahn
    Attorney for Plaintiff